■ LUCENE FERGUS, Appellant, v BENEDETTO TRUCKING CO., INC., Respondent, et al., Defendant.—Judgment, Supreme Court, New York County, entered December 6, 1974, after a jury trial, in favor of the plaintiff in the amount of $30,000, unanimously reversed, on the law and the facts, and the action remanded for a new trial on the issue of damages, with $60 costs and disbursements of this appeal to abide the event. Lucene Fergus was crossing East 23rd Street near Third Avenue on August 11, 1969 when she was run down by the trailer truck owned by the defendant Benedetto Trucking Co., Inc. There is no dispute that plaintiff was crossing with the light and was unable to avoid the oncoming truck. Plaintiff was hit in the back towards her left hip and thrown forward. The injury was diagnosed as an impacted fracture of the left femoral neck. An operation was performed involving the insertion of five Knowles pins into the left hip. Plaintiff was discharged from the hospital on August 26, 1969. Plaintiff's left leg was amputated on July 31, 1970. Plaintiff had a history of peripheral arteriosclerosis of the legs and had been treated therefor as early as 1963. She was also a heavy smoker of cigarettes. The expert testimony adduced was contradictory. Plaintiff's expert claimed that plaintiff's arteriosclerotic condition had stabilized prior to the accident and that the trauma of the accident caused the amputation. Defendant's expert opined that the plaintiff's smoking, coupled with the breakdown of a skin graft on her left leg, which graft was performed in July, 1969, were the factors leading to the amputation. Determination of causation, therefore, was the prime issue of fact presented to the jury. The damages assessed would, of course, be far greater if the jury found the amputation to have been precipitated by the accident. Immediately after the charge, but prior to the jury's retiring to deliberate, the foreman asked that the court redefine causal relationship. It was in this supplemental charge that the court assumed that the left leg was going to be amputated in any event, and after extended colloquy between the court and the foreman the court finally stated: "It only has to be aggravated to the extent that it would have contributed to the necessity. What you have in mind, as I see it, is that assuming the condition, the vascular condition was aggravated and that being so, even though she was going to lose her leg, would that be a causal

relation to the amputation because it aggravated it. It might have advanced the time of amputation but it would not be causal. THE FOREMAN: Would not be causal. THE COURT: No, it would have to be causally related to the amputation." Appropriate objection was taken by counsel. There is no quarrel with the proposition that a negligent party is responsible for the direct effect of acts against another, though the injury caused is made more serious by the prior infirmities of the injured party *(McCahill v New York Transp. Co.,* 201 NY 221; cf. *Dunham v Village of Canisteo,* 303 NY 498, 504; *Fuller v Preis,* 35 NY2d 425, 433). The erroneous supplemental charge to the jury which was directed to the major issue to be determined by the jury mandates reversal and remand for a new trial. Concur—Markewich, J. P., Murphy, Lupiano, Lane and Nunez, JJ.